UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| PATRIZIO PASQUALE,<br><br>                                    Plaintiff,<br><br>         -against-<br><br>POLICE OFFICER NICHOLAS NELSON SHIELD NO. 15798; SERGEANT WILLIAM CHIEN, SHIELD NO. 02837; POLICE OFFICER ANDREW DEMICHAEL, SHIELD NO. 12438; POLICE OFFICER RALPH CILENTO, SHIELD NO.10840; POLICE OFFICER MICHAEL OGGERI, SHIELD NO. 29115; POLICE OFFICER NICHOLAS MORIN, SHIELD NO. 20911,<br><br>                                    Defendants. | THIRD AMENDED COMPLAINT AND JURY DEMAND<br><br>Docket No. 14cv7497<br><br>ECF CASE |

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2. The claim arises from a January 3, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, unlawful entry into his home, false arrest, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United

1

States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9. Police Officer Nicholas Nelson, was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Officer Nelson is sued in his individual capacity.

10. Police Sergeant William Chien, was, at all times here relevant, a sergeant of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Sergeant Chien is sued in his individual capacity.

11. Police Officer Andrew DeMichael, was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Officer DeMichael is sued in his individual capacity.

12. Police Officer Ralph Cilento, was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Officer Cilento is sued in his individual capacity.

13. Police Officer Michael Oggeri, was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Officer Oggeri is sued in his individual capacity.

14. Police Officer Nicholas Morin, was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Officer Morin is sued in his individual capacity.

15. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

16. On January 3, 2013, at approximately 11:15 p.m., plaintiff was in his home on the first floor at 1430 Bay Ridge Avenue, a multiple dwelling unit. Around that time, 911 had received a call regarding a domestic incident that occurred at the address on the second floor, and a radio call apparently went out to police describing the incident of the location as 1430 Bay Ridge Avenue, second floor.

17. According to documents provided by the City of New York, defendant Officers Nelson, DeMichael and Cilento, and defendant Sergeant Chien, arrived at the location. Defendant Officers Oggeri and Morin arrived at the scene in the course of the incident.

18. Defendant Officers demanded that plaintiff open the door. Mr. Pasquale replied, in sum and substance, that he would not, and that the officers should ring the bell for the upstairs apartment.

19. In response, defendant Officers Nelson, DeMichael, and Cilento, and Sergeant

Chien, began trying to break in the door and/or failed to intercede in a fellow officer trying to break in the door. All defendants failed to intercede in the obviously unconstitutional conduct of the others.

20. Upon successfully breaking in the door and entering the apartment without a warrant, consent, or any exigent circumstance, Defendants Nelson, Chien, DeMichael, Cilento, Oggeri, and Morin assaulted plaintiff without lawful cause and/or failed to intercede in the assault of plaintiff.

21. Defendant Officers Nelson and Cilento placed plaintiff under arrest. All other defendant officers failed to intercede in the false arrest of plaintiff. Plaintiff was transported to Lutheran Hospital for medical treatment. He was diagnosed with a fractured nose among other serious injury. No other person was arrested in connection with the domestic incident call.

22. Plaintiff was charged with Assault, Obstructing Governmental Administration, Harassment and Resisting Arrest. Plaintiff's case was adjourned in contemplation of dismissal and all charges were ultimately dismissed.

23. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. Defendants Nelson, Chien, DeMichael, Cilento, Oggeri, and Morin assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. Defendants Nelson, Chien, DeMichael, Cilento, Oggeri, and Morin failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events above described, defendants acted maliciously and with

intent to injure plaintiff.

## DAMAGES

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety; and

    e. Loss of liberty.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983
False Arrest and False Imprisonment
(Against Officer Defendants)

26. The above paragraphs are here incorporated by reference.

27. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

28. The wrongful, unjustifiable, and unlawful apprehensions, arrests, detentions, and imprisonment of plaintiff were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

29. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

30. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

31. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff were without basis and without probable cause or reasonable suspicion.

32. All of this occurred without any illegal conduct by plaintiff.

33. All charges were dismissed.

34. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

35. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
42 U.S.C. §1983
Excessive Force
(Against Officer Defendants)

36. The above paragraphs are here incorporated by reference.

37. By using excessive force against plaintiff and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United

6

States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

38. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

39. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

40. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
42 U.S.C. §1983
Unlawful Entry of Home
(Against Officer Defendants)

41. The above paragraphs are here incorporated by reference.

42. By unlawfully entering the home of plaintiff and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

43. In addition, the officer defendants conspired amongst themselves to deprive

plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

44. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

45. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:     August 11, 2015
           Brooklyn, New York

                                                      Respectfully yours,

TO:                                                     /S/

Police Officer Nicholas Nelson
Shield No. 15798                               By: Leo Glickman
67th Precinct                                   Stoll, Glickman & Bellina, LLP
                                                    Attorneys for Plaintiff
Police Officer Andrew DeMichael       475 Atlantic Avenue 3rd Floor
Shield No. 12438                             Brooklyn, NY 11217
70th Precinct                                   (718) 852-3710
                                                    (718) 852-3586
Police Officer Ralph Cilento             lglickman@stollglickman.com
Shield No. 10840
62nd Precinct

Police Officer Michael Oggeri
Shield No. 29115
62nd Precinct

Sergeant William Chien
Shield No. 02837
62nd Precinct

Police Officer Nicholas Morin
Shield No. 20911
62nd Precinct

CC:     Jonathan Rotenberg
        Gregory Johnson
        Katten Munchin Rosenman, LLP
        575 Madison Avenue
        New York, NY 10022-2585

9